United States District Court
Southern District of Texas
**ENTERED**
June 06, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TARUN BHARDWAJ, (SO #116511) Petitioner, vs. SHERIFF CHRISTOPHER KIRK, *et al.*, Respondents. | § § § § § § § § § § CIVIL ACTION H-18-1783 |

**MEMORANDUM AND OPINION**

Tarun Bhardwaj filed a federal petition for a writ of habeas corpus with the assistance of his mother, Girjesh Sharma. The threshold issue is whether Sharma has standing to represent her son as next friend. Alternatively, the Court considers whether Bhardwaj's federal petition is subject to dismissal for nonexhaustion.

I.      **Background**

On May 30, 2018, this Court received the instant petition filed by Girjesh Sharma on behalf of her son, Tarun Bhardwaj. Girjesh Sharma is currently in India and has filed this federal petition to secure his release from unlawful custody. Sharma states that Bhardwaj is being detained illegally. Sharma explains that Bhardwaj is a nuclear scientist employed by Texas A & M University. Sharma states that Bhardwaj was wrongly accused of stalking a student. Sharma states that Bhardwaj is competent to represent himself, but there is a conspiracy to declare him incompetent. Sharma states that Bhardwaj has been confined in the Brazos County Jail since December 2016.

On-line research reveals that Bhardwaj is currently confined at the Brazos County Jail. On

December 30, 2016, Bhardwaj was arrested for the felony offense of stalking. (Cause Number 16-03580-CRF). Brazos County Jail records show that Bhardwaj is currently in custody pursuant to a motion to revoke bond relating to the charge of stalking. The Immigration and Customs Enforcement has issued a United States immigration hold. Online research reveals that the 272nd Judicial District Court of Brazos County, Texas denied Bhardwaj's motion to represent himself because he lacked the mental capacity to conduct his trial defense.

## II. Analysis

### A. The Issue of Next Friend Status

Bhardwaj did not sign his petition. To the contrary, it is signed by Bhardwaj's mother, "Girjesh Sharma." Sharma does not identify herself as a licensed attorney, and public records for the State of Texas do not indicate that she is a licensed attorney.

The federal habeas statute provides, in pertinent part, that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf.*" 28 U.S.C. § 2242 (emphasis added). In *Whitmore v. Arkansas*, 495 U.S. 149 (1990), the Supreme Court made clear that standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163. A party seeking to represent a prisoner in a habeas proceeding must: (1) explain why the real party in interest cannot prosecute the action in his own behalf, and (2) establish a significant relationship with and a true dedication to the best interests of the real party in interest. *Id.* at 163–64. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court. *Id.* at 164.

As the "next friend," it was Sharma's burden "clearly to establish the propriety of her status

and thereby justify the jurisdiction of the court." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

Even if this Court were to construe the petition as a motion to proceed as next friend of Bhardwaj, Sharma not made the necessary showing. Sharma has not offered any proof that Bhardwaj cannot prosecute this action on his own behalf. Rather, Sharma indicates her son is a brilliant, world-class nuclear scientist, and that he is competent to represent himself. (Docket Entry No. 1, p. 30; Docket Entry No. 1-1, p. 1). For this reason, Sharma lacks standing to prosecute this action on behalf of Bhardwaj.

## B. The Issue of Exhaustion

Alternatively, the Court finds that the petition is subject to dismissal for failure to exhaust state court remedies. Bhardwaj complains that he is being illegally detained. Complaining of illegal charges, Bhardwaj seeks his immediate discharge from custody. The Court must consider whether Bhardwaj may seek pre-trial habeas relief on this claim. Pre-trial petitions are cognizable under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484 (1973).[1] Bhardwaj's request for speedy trial relief is properly construed as a claim for pre-trial habeas relief pursuant to 28 U.S.C. § 2241(c).

Pre-trial habeas relief is available only to enforce a state's obligation to bring a defendant promptly to trial, not to adjudicate the merits of a speedy trial claim under the Sixth Amendment and

---

[1]
Section 2241(c) provides in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (3)[h]e is in custody in violation of the constitution or laws or treaties of the United States."

bar the State from proceeding to trial. *Dickerson*, 816 F.2d at 224. To be eligible for pre-trial habeas relief pursuant to 28 U.S.C. § 2241, a petitioner must be "in custody" and must have exhausted his available state remedies. *Braden*, 410 U.S. at 488-89; *Dickerson*, 816 F.2d at 224. It is only in the post-trial setting that exhaustion is mandated by statute. *Compare* 28 U.S.C. § 2254(b), *with* 28 U.S.C. § 2241(c)(3). Despite the absence of an exhaustion requirement in § 2241(c)(3), a body of case law has developed holding that federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson*, 816 F.2d at 225. *See also Braden*, 410 U.S. at 489-92; *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). This exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490-91.

Bhardwaj satisfies the "in custody" requirement. At the time of filing this action, he was incarcerated at the Brazos County Jail. Though Bhardwaj satisfies the "in custody" requirement, the record reveals that he has not fully exhausted the available state remedies on his claim. The proper procedure for seeking pre-trial relief on speedy trial grounds is to file a petition for writ of mandamus in the Texas Court of Criminal Appeals. *See Chapman v. Evans*, 744 S.W.2d 133, 135-138 (Tex. Crim. App. 1988) (conditionally granting mandamus petition seeking to compel district court to set for trial or dismiss pending indictment for offense unrelated to that for which petitioner was presently incarcerated); *Thomas v. Stevenson*, 561 S.W.2d 845, 846-47 (Tex. Crim. App. 1978) (conditionally granting mandamus petition seeking to compel district court to set case for trial).

Bhardwaj, according to his pleadings, has filed a state application presenting the speedy trial claim in the 272nd Judicial District Court of Brazos County, Texas. His pleadings suggest, however, that he has not pursued a petition for writ of mandamus in the Court of Criminal Appeals. *See Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976) (requiring exhaustion by petition for writ of mandamus, but applying law in effect prior to 1977 amendment to Article V, Section 5 of the Texas Constitution). The Court's online research confirms that Bhardwaj has not filed a petition for a writ of mandamus in the Texas Court of Criminal Appeals.

Texas has adequate and effective state procedures for obtaining a speedy trial, and in the absence of proof that the highest state court with criminal law jurisdiction has been given a fair opportunity to consider Bhardwaj's speedy trial claim, the due administration of justice would be better served by insisting on exhaustion of his state court remedies. Bhardwaj's claim is dismissed for failure to exhaust state remedies.

### III. Conclusion

Bhardwaj's federal petition for a writ of habeas corpus is denied. All remaining pending motions are denied as moot. This case is dismissed without prejudice. This dismissal does not prevent Bhardwaj's filing of a *pro se* section 2241 petition that he himself personally signs or a petition filed on his behalf by a licensed attorney.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues deserve encouragement to

proceed further. *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001).

When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. 484. Bhardwaj has not made the necessary showing for the issuance of a COA.

SIGNED at Houston, Texas, on  June 6 , 2018.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE